# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:06cv286

| | |
|---|---|
| **AMATULLI & SONS, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | <u>**O R D E R**</u> |
| ) | |
| **GREAT NORTHERN INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Costs [Doc. 52]; and Defendant's Motion to Compel Documents Produced Pursuant to Subpoena at Edward Sallie's Deposition [Doc. 53].

This is an action for recovery under a commercial insurance policy. The Plaintiff Amatulli & Sons, LLC (Amatulli) brings suit against its insurer, Great Northern Insurance Company (Great Northern), asserting claims for breach of contract and unfair and deceptive trade practices under North Carolina law.

## I. Defendant's Motion for Costs

The Defendant moves the Court for an Order compelling the Plaintiff to pay the Defendant's costs associated with appearing for the inspection of the Plaintiff's insured property on November 28, 2007 in Greer, South Carolina, which the Plaintiff cancelled without notice. The Defendant asserts that it incurred significant expenses because the Plaintiff failed to provide advance notice that it would not be available to proceed with the inspection.

For grounds, the Defendant recites the following facts. During his deposition, the Plaintiff's principal, Richard Amatulli, agreed to allow the Defendant's expert appraiser, Leon Castner, to inspect the furniture and rugs which the Plaintiff claims were damaged as part of the loss which is the subject of this lawsuit. On November 13, 2007, the Defendant served the Plaintiff with a written request, pursuant to Rule 34 of the Federal Rules of Civil Procedure, to enter upon the Plaintiff's land on November 28, 2007 at 10:00 a.m. in order to inspect the allegedly damaged furniture. Defendant's Motion for Costs, Ex. A. The Plaintiff did not object to this request.

The Defendant retained a videographer to record the inspection and authorized Castner, who resides in Pennsylvania, to make travel arrangements for the inspection. On November 26, 2007, Defendant's counsel sent a letter via facsimile to Plaintiff's counsel confirming the inspection. Id., Ex. B. Plaintiff's counsel did not respond to Defendant's counsel's letter. On November 27, 2007, Defendant deposed a fact witness in this case via teleconference. Plaintiff's counsel participated in the deposition by phone, and at no time raised any issues with respect to Plaintiff's availability for the scheduled inspection the following day.

On November 28, 2007, at 9:40 a.m., the videographer contacted Defendant's counsel and advised that he could not access the Plaintiff's storefront. Immediately thereafter, Plaintiff's counsel contacted Defendant's counsel and advised that Richard Amatulli was in Connecticut and that the Plaintiff was cancelling the inspection. While counsel agreed to attempt to proceed with the inspection, Plaintiff's counsel did not have access to the storefront and in any event was not familiar with the particular items inside that the Plaintiff alleges were damaged.

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to permit the inspection requested pursuant to Rule 34, the

Court may make an award of reasonable expenses caused by the failure, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

In the present case, the Plaintiff's principal, Richard Amatulli, without notice and without apparent cause, failed to appear at the time and placed agreed upon for the inspection. Because Amatulli was not present, the parties were not able to enter the store to conduct the inspection. Even if counsel could have accessed the building, Amatulli's presence was still required because only Amatulli could identify the allegedly damaged items. The Plaintiff had ample opportunity to notify the Defendant that Amatulli would not be present and that the inspection could not proceed. Had the Plaintiff done so, the Defendant could have avoided the substantial costs it incurred in arranging for both a videographer and its expert to be present at the inspection.

The Plaintiff has not responded to the Defendant's motion and therefore has not provided any substantial justification for its failure to notify Defendant promptly that Amatulli would not be present.[1] Under

---

[1] The deadline for the Plaintiff's response to this motion was December 17, 2007, which was also the deadline for responding to the Defendant's Motion to Compel and the Motion for Summary Judgment. Plaintiff filed a motion seeking an extension of time to respond to the Motion for Summary Judgment but did not seek an extension with respect to these other motions.

these circumstances, the Court finds that an award of reasonable expenses incurred by the Defendant would be just. The Court has reviewed the Defendant's motion and supporting materials and concludes that the amount of expenses sought by the Defendant is reasonable.

Accordingly, the Defendant's Motion for Costs [Doc. 52] is **GRANTED**. The Plaintiff Amatulli & Sons, LLC is hereby **ORDERED** to pay to the Defendant a total of $2,649.42 for the reasonable expenses incurred as a result of the Plaintiff's cancellation of the scheduled inspection without reasonable notice. Such payment shall occur within ten (10) days of the entry of this Order.

## II.     Defendant's Motion to Compel

The Defendant moves the Court for an Order compelling the Plaintiff to produce to the Defendant documents it withheld as privileged at the deposition of Edward Sallie, Plaintiff's insurance agent.

For grounds, the Defendant states that it served a subpoena *duces tecum* on Edward Sallie, requiring him to produce certain documents at his deposition. Mr. Sallie appeared at his deposition and produced the following documents and correspondence:

> (1)   A letter transmitted by fax dated August 29, 2003 to Richard Amatulli from Shannon

Landau, a paralegal for Attorneys Wells & Daisley, plaintiff's former counsel. This letter was faxed to Mr. Sallie on September 2, 2003 by Mary Amatulli, Richard Amatulli's wife;

(2)  A letter transmitted by fax dated August 29, 2003 to Richard Amatulli from Attorney Troy Stafford of Devore, Acton & Stafford, plaintiff's former counsel. This letter was also faxed to Mr. Sallie on September 2, 2003 by Mrs. Amatulli;

(3)  A letter dated January 13, 2004 to Richard Amatulli from the law firm of Devore, Acton & Stafford, carbon copied to Attorney Michael Daily at Wells & Dailey. Although not signed, the letter has a signature line for Troy Stafford;

(4)  A letter dated February 11, 2004 to Richard Amatulli from Attorney Stafford;

(5)  A letter dated May 26, 2005 to Richard Amatulli from the law firm of Devore, Acton & Stafford, carbon copied to Attorney Michael Daisley at Wells & Daisley and H. Brandfordson, Mr. Amatulli's South Carolina counsel. Although not signed, this letter has a signature line for Troy Stafford;

(6)  A letter dated May 7, 2004 to Richard Amatulli from Attorney Daisley, carbon copied to Attorney Stafford and Attorney Brandfordson. This letter included a fax cover sheet from Mary Amatulli, delivering the letter to Eddie Sallie;

(7) A letter dated April 29, 2003 from Attorney Daisley to Mr. Sallie enclosing a 14-page outline of correspondence prepared by Attorney Daisley;

(8) Communications between Mr. Sallie and Attorney Stafford totaling 13 pages, which contain discussions of the drafts of Mr. Sallie's affidavit.

Before these documents were produced to Defendant's counsel, Plaintiff's counsel reviewed the documents and objected to their production on the basis of attorney-client privilege and the work product doctrine. The Defendant argues that any attorney-client privilege or work product protection associated with these documents has been waived. The Plaintiff has not responded to the Defendant's motion.

In this matter the Court is faced with a curious mismatch of the circumstances presented and the motion that has been filed. Defendant sought the documents at issue by subpoena issued to Edward Sallie, a non-party. The documents were not produced by Mr. Sallie. Defendant does not now come to this Court seeking to enforce the subpoena for the documents. In fact, Defendant has not even provided a copy of the subpoena to the Court. It is questionable whether this Court could do anything to enforce the subpoena. The cover page of the transcript of the

deposition of Mr. Sallie, which is among the record in this case, reflects is preparation by a court reporting firm in Livingston, New Jersey. It is unknown to this Court whether the subpoena in question was issued in the Western District of North Carolina or in the District of New Jersey. If issued by the District of New Jersey, then only that Court would have the authority to enforce the subpoena. Fed. R. Civ. P. 45(c)(3)(A) and 45(e).

Whether or not this Court could enforce the subpoena is apparently no more than an academic musing because Defendant has not presented any motion to compel Mr. Sallie to produce anything and has not sought to enforce the subpoena. What Defendant has chosen to do instead is move to compel *Plaintiff* to produce the documents in question. The apparent basis for this motion is that it was Plaintiff's counsel who objected to the production at the time of the deposition and who actually withheld the documents. Defendant's Motion to Compel at ¶2. The problem, however, is that the Defendant has presented nothing to this Court to show that these documents were requested by way of any formal discovery request of the Plaintiff, but only of Mr. Sallie, a non-party. As such, there is nothing before this Court showing that *Plaintiff* has failed to produce something to Defendant that Plaintiff had an obligation to produce under the Federal

Rules of Civil Procedure. The Record presented by Defendant is simply inadequate to demonstrate such a failure on Plaintiff's part. As such, the Defendant's motion will be **DENIED**.

This, however, does not end the inquiry. The Court has the duty to exercise a supervisory role and to assure that the parties are conducting their activities in this case in accord with the rules of procedure. In that capacity the court will review *sua sponte* the actions of Plaintiff's counsel that underlie Defendant's motion.

Defendant asserts, and Plaintiff does not deny, that at the time of Mr. Sallie's deposition, "Counsel for plaintiff reviewed the documents produced by Mr. Sallie and withheld certain documents based on attorney-client privilege." Defendant's Motion to Compel at ¶2. It is unclear whether Plaintiff's counsel was acting on behalf of Plaintiff or Mr. Sallie in voicing his objections to the production, but in either event, counsel's failure to make timely written objections to the subpoena prior to Mr. Sallie's deposition was improper. Rule 45(c)(2)(B) is clear that "*a person commanded to produce* and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after

service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials." Fed. R. Civ. P. 45(c)(2)(B) (emphasis added). As such, Mr. Sallie could have objected to the production of the subpoenaed documents, prior to the date of his deposition but failed to do so. Additionally, the Plaintiff, upon being served with a copy of the subpoena prior to the deposition, could have filed a motion for a protective order under Rule 26(c) to prevent the disclosure of allegedly privileged documents, but for whatever reason, chose not to do so.

Whether it was the objection of the Plaintiff or of Mr. Sallie that counsel made at the deposition, the rules required counsel to make his objection to the production of subpoenaed documents in writing and prior to the date of the deposition. It does not appear that Plaintiff's counsel complied with this requirement, but rather made an oral objection at the deposition and simply "withheld" the documents at issue. Defendant, however, does not complain about any such lack of a written objection, and as such the Court will decline to reprimand Plaintiff's counsel for such a deviation from required practice.

Lastly, the Court will examine the propriety of the objections lodged by Plaintiff's counsel, albeit in such an unorthodox fashion. In this diversity action, the Plaintiff asserts claims under North Carolina law. Accordingly, North Carolina law determines the applicability of the attorney-client privilege in this matter. See Fed. R. Evid. 501 ("with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law").

"It is well settled that communications between an attorney and a client are privileged under proper circumstances." State v. Bronson, 333 N.C. 67, 76, 423 S.E.2d 772, 777 (1992). Communications are protected by the attorney-client privilege if the following elements are satisfied:

> (1) the relation of attorney and client existed at the time the communication was made, (2) the communication was made in confidence, (3) the communication relates to a matter about which the attorney is being professionally consulted, (4) the communication was made in the course of giving or seeking legal advice for a proper purpose although litigation need not be contemplated and (5) *the client has not waived the privilege*.

State v. Murvin, 304 N.C. 523, 531, 284 S.E.2d 289, 294 (1981) (emphasis added). The burden is always on the party claiming the privilege to

demonstrate that the communication at issue meets all of these elements. Brown v. American Partners Fed. Credit Union, 645 S.E.2d 117, 121 (N.C. App. 2007).

In the present case, the Plaintiff's counsel objected to Mr. Sallie producing three categories of documents: (1) documents that were faxed to Mr. Sallie by Mrs. Amatulli; (2) correspondence between Mr. Amatulli and his counsel which were in Mr. Sallie's possession; and (3) correspondence between Plaintiff's counsel and Mr. Sallie, which counsel claimed to be work product. With respect to the first category of documents, it appears that Mr. Amatulli has waived any attorney-client privilege applicable to these documents by disclosure to third parties. "A client can waive an attorney-client privilege expressly or through his own conduct." Hanson v. U.S. Agency for Int'l Dev., 372 F.3d 286, 293-94 (4th Cir. 2004) (discussing federal law of privilege). An implied waiver of privilege occurs when the client "has *voluntarily* disclosed confidential information on a given subject matter to a party not covered by the privilege." Id. Mr. Sallie testified that after he received these documents from Mrs. Amatulli, he called Mr. Amatulli to discuss them. Mr. Sallie testified that to his knowledge, Mr. Amatulli was aware that Mr. Sallie had

the documents in his possession and that Mr. Amatulli never asked Mr. Sallie to return them to him.  Doc. 53, Defendant's Motion to Compel at 3.  Based upon this evidence, the Court concludes that Mr. Amatulli's knowing and voluntary disclosure of these confidential communications, first to his wife and then to Mr. Sallie, constitutes of a waiver of the attorney-client privilege applicable to these documents.  As such, the objection lodged by Plaintiff's counsel was improper in substance as well as in form.

With respect to the second category of documents, it is unclear how Mr. Sallie obtained this correspondence between Mr. Amatulli and his counsel.  The Defendant argues that these documents were voluntarily disclosed to Mr. Sallie by Mr. Amatulli and therefore the attorney-client privilege is not applicable.  The excerpts of Mr. Sallie's deposition testimony as quoted in the Defendant's motion appear to support this theory.  The Plaintiff has not opposed the Defendant's motion or come forth with any affirmative evidence to demonstrate that no waiver occurred.  Having failed to carry its burden that the attorney-client privilege applies, see Brown, 645 S.E.2d at 121, the Court concludes that the attorney-client privilege was waived and that Plaintiff's counsel's withholding of these documents was without merit in addition to being improper as to the form.

The final category of documents withheld is comprised of correspondence between Mr. Sallie and the Plaintiff's counsel. Counsel objected to the production of these documents on the basis of the work product doctrine. "The work product doctrine prohibits an adverse party from compelling 'the discovery of documents and other tangible things that are 'prepared in anticipation of litigation' unless the party has a substantial need for those materials and cannot 'without undue hardship ... obtain the substantial equivalent of the materials by other means.'" Brown, 645 S.E.2d at 124-25 (quoting Long v. Joyner, 155 N.C. App. 129, 136, 574 S.E.2d 171, 176 (2002)). Just as with the attorney-client privilege, the party asserting the work product doctrine has the burden of showing that the privilege applies. Brown, 645 S.E.2d at 125. The Plaintiff has failed to respond to the Defendant's motion and thus had made no showing that the work product privilege is applicable to the subject correspondence. Accordingly, the Court concludes that any privilege that may have attached to these documents has also been waived.

The Court is now left with the task of determining what should be done in light of the Plaintiff raising improper objections to the production of documents by a third party and therefore interfering with proper discovery,

while the Defendant has failed to act to compel the production of those documents from the party to whom the subpoena was directed.  The Court is troubled that it appears as though the Plaintiff waited until the parties had traveled to New Jersey for the document production and deposition, then managed to obtain access to the documents before the Defendant, and *then* not only objected, but took it upon himself to *withhold* production.  In light of the Defendant's response, however, it appears that these circumstances reflect sloppy practice (on both sides) more than they do an attempt to obstruct the discovery process.  As such, the Court has weighed the possible sanctions that are available and determines that the proper action in light of all the circumstances, and in the Court's discretion, is to impose upon Plaintiff's counsel a monetary sanction in the amount of $100, payable to Defendant.  **IT IS SO ORDERED**.

III.     **Conclusion**

For the foregoing reasons, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Costs [Doc. 52] is **GRANTED**, and the Plaintiff Amatulli & Sons, LLC is hereby **ORDERED** to pay, within ten (10) days of the entry of this Order, to the Defendant a total of $2,649.42 for the

reasonable expenses it incurred as a result of the Plaintiff's cancellation of the scheduled inspection without notice.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Compel Documents Produced Pursuant to Subpoena at Edward Sallie's Deposition [Doc. 53] is **DENIED**.

**IT IS FURTHER ORDERED** that as a sanction for improper discovery objections that Plaintiff's counsel shall pay to Defendant the amount of $100 within 10 days of the entry of this Order.

As to all other costs and expenses related to these motions, all parties shall bear their own costs.

**IT IS SO ORDERED**.

Signed: January 7, 2008

Martin Reidinger
United States District Judge